IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| VERNON LEE LANDRY, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19-cv-462 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Vernon Lee Landry, Jr., a prisoner confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the Criminal District Court of Jefferson County, Texas. Petitioner was charged in cause number 11-11715 with the second degree felony offense of aggravated assault. On October 3, 2011, Petitioner pleaded guilty to the offense. In exchange for Petitioner's guilty plea, the State agreed to a sentencing cap of twelve years, with the sentence to run concurrently with the sentences imposed in cause numbers 11-1720 and 11-11681. In addition, the State agreed to dismiss cause numbers 11-11721, 11-11837, and 284868. On October 31, 2011, the trial court deferred adjudication and placed Petitioner on community supervision for ten years.

On October 18, 2013, the State filed a Motion to Revoke Unadjudicated Probation alleging multiple violations of the conditions of Petitioner's release. Petitioner pleaded true to an allegation that he had committed a new offense. On May 16, 2014, the trial court amended the terms of Petitioner's community supervision to require him to complete a program at an Intermediate Sanction Facility.

On February 27, 2017, the State filed a second Motion to Revoke Community Supervision alleging violations of three conditions of the community supervision order. The motion alleged that: Petitioner failed to work faithfully at suitable employment and provide verification of his employment (Count 1); Petitioner was at a location other than his residence past curfew according to GPS monitoring readings on December 21, 2016, December 24, 2016, and December 26, 2016 (Count 2); and Petitioner was $2,615.00 in arrears on paying court-assessed fees (Count 3). On July 31, 2017, the State filed a First Amended Motion to Revoke Community Supervision alleging five additional violations of the community supervision order. The First Amended Motion alleged that Petitioner violated the terms of his release by: committing the offense of assault on July 29, 2017 (Count 4); committing the offense of unlawful restraint on July 29, 2017 (Count 5); committing the offense of retaliation on July 29, 2017 (Count 6); committing the offense of terroristic threat on July 29, 2017 (Count 7); and being at a location other than his residence past curfew according to the GPS monitoring on July 13, 2017, July 14, 2017, and July 27, 2017 (Count 8).

At the revocation hearing on October 27, 2017, Petitioner pleaded "not true" to Counts 4-7 of the Motion to Revoke Probation and "true" to Count 8. The trial court found Counts 4-8 were "true." The trial court revoked Petitioner's community supervision and sentenced Petitioner to

twenty years of imprisonment, with the sentence to run concurrently with Petitioner's other sentences.

Petitioner appealed the order adjudicating guilt. The judgment was affirmed on appeal. On January 30, 2019, the Texas Court of Criminal Appeals denied Petitioner's Petition for Discretionary Review. Petitioner did not seek further review in the state courts by filing a state application for writ of habeas corpus.

## The Petition

Petitioner contends that the State presented false evidence that he violated his curfew on July 13, 2017, July 14, 2017 and July 27, 2017. Petitioner contends that his counsel provided ineffective assistance by: (1) failing to present surveillance footage from the convenience store where Petitioner allegedly took the victim of the new offenses alleged in Counts 4-7 of the Amended Motion to Revoke; (2) failing to inform Petitioner and the trial court that the curfew violation dates were not correct; (3) failing to subpoena witnesses; and (4) presenting evidence that the victim used a racial slur and threatened to "get" the Petitioner in a message on social media.

## The Response

Respondent contends that Petitioner did not exhaust his claims concerning defense counsel's presentation of the victim's social media message and defense counsel's failure to present surveillance footage at the revocation hearing. Respondent argues that the Petition should be dismissed because it is a "mixed petition," presenting both exhausted and unexhausted claims.

## Analysis

Title 28 U.S.C. § 2254 allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a prerequisite to obtaining relief under § 2254, a prisoner must first exhaust available state remedies. 28 U.S.C. 2254(b). A prisoner has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To comply with the exhaustion requirement, Petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). A claim is not fairly presented to the state court if it involves a "wholly different legal claim" and a factual basis not presented to the state court. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004).

In Texas, all claims must be presented to, and ruled on by, the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). The claims may be presented to the Texas Court of Criminal Appeals during the direct appeal process or in a collateral attack brought pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

Although Petitioner filed a Petition for Discretionary Review, he did not present each of the grounds raised in this Petition in his Petition for Discretionary Review. Petitioner did not raise claims regarding counsel's presentation of the victim's social media message or failure to present surveillance footage at the revocation hearing. Petitioner could have raised those claims in a state application for habeas relief pursuant to Article 11.07, but he did not file an application.

Generally, petitions raising unexhausted grounds for relief are dismissed.[1] *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2000). The district court may only excuse the petitioner's failure to exhaust in two instances. The first exception allows a federal court to consider the merits of an unexhausted claim if there is not an available state remedy. 28 U.S.C. § 2254(b)(1)(B)(i). Second, the court may consider the merits of an unexhausted claim if circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). *See also Duckworth v. Serrano,* 454 U.S. 1, 3 (1981); *Panetti v. Davis*, 863 F.3d 366, 374 (5th Cir. 2017).

In this case, Petitioner has an available state remedy because he can file a state application for habeas relief pursuant to Article 11.07. Petitioner has not demonstrated that the state process is ineffective to protect his rights. Therefore, Petitioner's failure to exhaust each of his claims in the state courts before bringing them in federal court is not excusable. As a result, this Petition should be dismissed.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

---

[1] Prisoners filing "mixed petitions" may choose to dismiss the unexhausted claims and proceed only with the exhausted claims. *Lundy*, 455 U.S. at 520-21. In this instance, Petitioner has not indicated that he would like to proceed with the exhausted claims.

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE